AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>2:24 -MJ- 4668 | Date and time warrant executed:<br>08/08/2024  appr. 6:00 AM | Copy of warrant and inventory left with:<br>Anndraeja Stinson |
| Inventory made in the presence of : | | |

Inventory of the property taken and name of any person(s) seized:

See attached inventory list

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:  08/12/2024

Elle Carracco
_Executing officer's signature_

Ellc Carracco Special Agent
_Printed name and title_

# OFFICE OF INSPECTOR GENERAL
UNITED STATES POSTAL SERVICE

## SEARCH WARRANT INVENTORY FORM

| SEARCH WARRANT INFORMATION: | | | | | |
|---|---|---|---|---|---|
| Case Number: | 24MV01952 | | Warrant Case #2:24-MJ-4668 | | |
| Item(s) Obtained By: | USPS OIG | | | | |
| Search Warrant: | Yes ☑ | No ☐ | Consent Search: | Yes ☐ | No ☐ |
| Personal Effects: | Yes ☐ | No ☐ | Vehicle: | Yes ☐ | No ☐ |
| Search Incident to Arrest: | Yes ☐ | No ☐ | Other (Specify): | | |

| COMPANY INFORMATION: | |
|---|---|
| Company Name: | |
| Individual Name: | |

| VEHICLE INFORMATION: | | | | |
|---|---|---|---|---|
| Vehicle ID: | Year: | Make: | | Model: |
| Color: | | Plate #: | | |
| VIN: | | Date of Inventory: | | |
| Special Agent: | | | | |
| Search Location: | | | | |

| ITEM NUMBER: | DESCRIPTION OF ITEMS |
|---|---|
| 1 | APPLE iPHONE |
| 2 | USA PASSPORT CARD # T63320140 - FOYE ERIN |
| 3 | PS FORM 3811 SENDER ANNDRAYA STINSON |
| 4 | CA ID CARD # N5346138 WENDY SOUTHARD |
| 5 | CA MASTERCARD #5597 5801 5785 7326 WENDY SOUTHARD |
| 6 | PS FORM 3811 SENDER ANNDRAYA STINSON |
| | |
| | |
| | |
| | |
| | |

RESTRICTED INFORMATION INVENTORY FORM

This report is furnished on an official need to know basis and must be protected from dissemination which may compromise the best interest of the U.S. Postal Service Office of Inspector General. This report must not be released or disseminated to other parties without prior consultation with the Office of Inspector General. Unauthorized release may result in criminal prosecution.

# OFFICE OF INSPECTOR GENERAL
UNITED STATES POSTAL SERVICE

**SEARCH WARRANT INVENTORY FORM**

| ITEM NUMBER: | DESCRIPTION OF ITEMS |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

| DISTRIBUTION OF COPIES: | | |
|---|---|---|
| Case File | Yes☐ | No☐ |
| Agent File | Yes☐ | No☐ |
| Subject | Yes☒ | No☐ |
| Magistrate | Yes☐ | No☐ |

RESTRICTED INFORMATION INVENTORY FORM — This report is furnished on an official need to know basis and must be protected from dissemination which may compromise the best interest of the U.S. Postal Service Office of Inspector General. This report must not be released or disseminated to other parties without prior consultation with the Office of Inspector General. Unauthorized release may result in criminal prosecution.

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means          ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

## for the

### Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the*<br>*person by name and address)*<br><br>3875 COCO AVENUE, APT 9<br>LOS ANGELES, CA 90008 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2:24-MJ-4668

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:      <u>August 5, 2024 at 4:01 pm</u>          _____

*Judge's signature*

City and state:        <u>Los Angeles, CA</u>          <u>Honorable Maria A. Audero, U.S. Magistrate Judge</u>

*Printed name and title*

AUSA Andrew Brown, x0102, 11th Floor

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

(Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

PREMISES TO BE SEARCHED

3875 COCO AVENUE, APT 9, LOS ANGELES, CA 90008 ("STINSON'S APARTMENT"). STINSON'S APARTMENT is an apartment in a small complex located on the west side of COCO AVE., south of August St.  Above the main entrance of the complex is the street number "3875", which runs horizontally in dark-colored numerals. The complex is about two stories high. The exterior of the building is tan in color, with two stone pillars each located on either side of the main entrance. Behind the complex is an alley way which runs from August St. to Pinafore St. and is parallel to the back of the complex. There is a courtyard in the center of the complex, which all of the units surround. The entrance to STINSON'S APARTMENT has two doors, a brown interior door, and a black cage exterior door. STINSON'S APARTMENT is marked by the number "9" to left of the apartment doors. STINSON'S APARTMENT is on the second residential floor, in the southeast corner of the building.

1

**ATTACHMENT B**

2     **I.   ITEMS TO BE SEIZED**

3         1.     The items to be seized are evidence, contraband, fruits, or
4     instrumentalities of violations of 18 U.S.C. § 1028, 1708, 1344,
5     1349, 1956, and 26 U.S. Code § 7201 (identity document fraud, mail
6     theft, conspiracy to commit bank fraud, money laundering, and tax
7     evasion, collectively referred to as the "SUBJECT OFFENSES"):

8             a.     Personal identifying information of individuals other
9     than those residing at the premises being searched, or who own or use
10    the vehicle being searched, including social security numbers, other
11    identifying numbers, dates of birth, addresses and telephone numbers,
12    credit, gift, or debit card information, PINs, credit reports, and
13    bank or other financial institution information, and records
14    referring or relating to such information;

15            b.     Documents and records containing coded language, such
16    as "stats," "slips," "plugs," numbers without units (i.e., "the 93,"
17    or "the 47 from 7/11/24"), or which refer to selling checks, sharing
18    the proceeds from a check, selling anything for less than 25% of its
19    value, checks which were unsuccessfully negotiated or deposited, or
20    rejected bank transactions;

21            c.     Counterfeit identity documents, such as passports and
22    driver's licenses, whether blank, completed, or partially completed,
23    and their components, such as seals, watermarks, security windows,
24    official signatures or the cutting-and-pasting of signatures,
25    holographic security features, ultraviolet printed features, raised
26    micro dot features, and translucent Teslin printed design components,
27    identification-proportioned photographs of faces, and programs or
28    records referring or relating to them;

d.    Checks, mail matter, and shipping packages, opened or unopened, not addressed to or from an owner or user of the vehicle being searched, or the residents of the premise being searched, and documents or records referring or relating to the same;

e.    Currency, prepaid debit or credit cards, and casino chips with a value in excess of $1,000, including the first $1,000 if more than $1,000 is found;

f.    Documents and keys relating to public storage units, rental cars, prepaid cellular telephones, safety deposit boxes, Commercial Mail Receiving Agencies, or receiving mail at someone else's address;

g.    Records referring or relating to counter surveillance of law enforcement, prison, arrests, criminal investigations, criminal charges, asset forfeiture, investigations by financial institutions, and the threatened or actual closure of accounts by financial institutions;

h.    Documents and records referring or relating to currency transaction reports (CTRs), their reporting thresholds, attempting to structure cash transactions to avoid CTRs, cash transactions totaling over $10,000 even if conducted in lesser increments, or the purchase of more than $3,000 of postal money orders in a two-week period, or conducting multiple cash ATM transactions or purchasing multiple postal money orders on the same day;

i.    Records relating to wealth and the movement of wealth since 2020, such as tax returns and forms, crypto-currency accounts and transfers, other digital wealth storage and transfer methods including PayPal, Zelle, CashApp, and Venmo, money orders, brokerage

1   and financial institution statements, wire transfers, currency

2   exchanges, deposit slips, cashier's checks, transactions involving

3   prepaid cards, and/or other financial documents related to depository

4   bank accounts, lines of credit, credit card accounts, real estate

5   mortgage initial purchase loans or loan refinances, residential

6   property leases, escrow accounts, the purchase, sale, or leasing of

7   automobiles or real estate, or auto loans, and investments, or

8   showing or referring to purchases or transactions for more than

9   $1,000;

10          j.   Records or items containing indicia of occupancy,

11   residency or ownership of any location or vehicle being searched,

12   such as keys, rental agreements, leases, utility bills, identity

13   documents, cancelled mail, and surveillance video;

14          k.   Documents and records showing electronic and telephone

15   contacts and numbers called or calling, such as SIM cards, address

16   books, call histories, telephone bills, and Signal, ICQ, Telegram,

17   and email addresses.

18          l.   Cryptocurrency and related records and items, such as

19   those referring or relating to public or private keys or addresses,

20   or cryptocurrency wallets or their parts, including "recovery seeds"

21   or "root keys" which may be used to regenerate a wallet. Seizure of

22   the cryptocurrency and wallets will be accomplished by transferring

23   or copying them to a public cryptocurrency address controlled by the

24   United States, or by restoring them onto computers controlled by the

25   United States.

26          m.   Any digital device which is itself or which contains

27   evidence, contraband, fruits, or instrumentalities of the SUBJECT

28   OFFENSES, and forensic copies thereof.

3

2.    With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

a.    evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

b.    evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.    evidence of the attachment of other devices;

d.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

e.    evidence of the times the device was used;

f.    passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

g.    applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

h.    records of or information about Internet Protocol addresses used by the device;

i.    records of or information about the device's Internet activity, including firewall logs, caches, browser history and

4

cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user typed web addresses.

3.    As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

4.    As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

II.    SEARCH PROCEDURE FOR DIGITAL DEVICES

5.    In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

a.    Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or

1  seize and transport the device(s) and/or forensic image(s) thereof to

2  an appropriate law enforcement laboratory or similar facility to be

3  searched at that location. The search team shall complete the search

4  as soon as is practicable but not to exceed 120 days from the date of

5  execution of the warrant. The government will not search the digital

6  device(s) and/or forensic image(s) thereof beyond this 120-day period

7  without obtaining an extension of time order from the Court.

8           b.   The search team will conduct the search only by using

9  search protocols specifically chosen to identify only the specific

10 items to be seized under this warrant.

11          i.   The search team may subject all of the data

12 contained in each digital device capable of containing any of the

13 items to be seized to the search protocols to determine whether the

14 device and any data thereon falls within the list of items to be

15 seized. The search team may also search for and attempt to recover

16 deleted, "hidden," or encrypted data to determine, pursuant to the

17 search protocols, whether the data falls within the list of items to

18 be seized.

19          ii.  The search team may use tools to exclude normal

20 operating system files and standard third-party software that do not

21 need to be searched.

22          iii. The search team may use forensic examination and

23 searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit),

24 which tools may use hashing and other sophisticated techniques.

25          c.   If the search team, while searching a digital device,

26 encounters immediately apparent contraband or other evidence of a

27 crime outside the scope of the items to be seized, the team will not

28

6

1   search for similar evidence outside the scope of the items to be

2   seized without first obtaining authority to do so.

3          d.   If the search determines that a digital device does

4   not contain any data falling within the list of items to be seized,

5   the government will, as soon as is practicable, return the device and

6   delete or destroy all forensic copies thereof.

7          e.   If the search determines that a digital device does

8   contain data falling within the list of items to be seized, the

9   government may make and retain copies of such data, and may access

10  such data at any time.

11         f.   If the search determines that a digital device is

12  (1)itself an item to be seized and/or (2) contains data falling

13  within the list of other items to be seized, the government may

14  retain the digital device and any forensic copies of the digital

15  device, but may not access data falling outside the scope of the

16  other items to be seized (after the time for searching the device has

17  expired) absent further court order.

18         g.   The government may also retain a digital device if the

19  government, prior to the end of the search period, obtains an order

20  from the Court authorizing retention of the device (or while an

21  application for such an order is pending), including in circumstances

22  where the government has not been able to fully search a device

23  because the device or files contained therein is/are encrypted.

24         h.   After the completion of the search of the digital

25  devices, the government shall not access digital data falling outside

26  the scope of the items to be seized absent further order of the

27  Court.

28

7

6.    The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

7.    In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

a.    Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

b.    Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c.    Any magnetic, electronic, or optical storage device capable of storing digital data;

d.    Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

e.    Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f.    Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

g.    Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device

8.    During the execution of this search warrant, law enforcement is permitted to: (1) depress the thumbs and/or fingers of the TARGET SUBJECTS onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of the face of the TARGET SUBJECTS with their eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

9.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant, and do not apply to any other search of digital devices.